**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

| | | |
|---|---|---|
| **HOSPITAL MANAGEMENT ASSOCIATES, LLC, CHSPSC, LLC, and PHYSICIAN PRACTICE SUPPORT, LLC,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Action No.:** 2:19-cv-00706 |
| | ) | **Judge** ___________________ |
| **WILLIAMSON MEMORIAL HOSPITAL, LLC and MINGO HEALTH PARTNERS, LLC,** | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

Plaintiffs Hospital Management Associates, LLC, CHSPSC, LLC, and Physician Practice Support, LLC file this Complaint against Defendants Williamson Memorial Hospital, LLC and Mingo Health Partners, LLC and state as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Hospital Management Associates, LLC ("HMA") is a limited liability company formed under the laws of the state of Florida with its principal place of business in Franklin, Tennessee.

2. Plaintiff CHSPSC, LLC ("CHSPSC") is a limited liability company formed under the laws of the state of Delaware with its principal place of business in Franklin, Tennessee.

3. Plaintiff Physician Practice Support, LLC ("PPS") is a limited liability company formed under the laws of the state of Tennessee with its principal place of business in Franklin, Tennessee.

4. Defendant Williamson Memorial Hospital, LLC ("Williamson Memorial") is a

limited liability company formed under the laws of the state of West Virginia with its principal place of business at 52 West 2nd Avenue, Williamson, West Virginia 25661.

5. Defendant Mingo Health Partners, LLC ("Mingo Health") is a limited liability company formed under the laws of the state of West Virginia with its principal place of business at 52 West 2nd Avenue, Williamson, West Virginia 25661.

6. This Court may exercise subject matter jurisdiction under its diversity jurisdiction because the Plaintiffs are domiciled in Tennessee, Florida, and Delaware (¶ 1-3) and the Defendants are domiciled solely West Virginia (¶ 4-5); and the amount in controversy, as discussed in more detail below, exceeds $75,000.

7. Defendants are subject to personal jurisdiction in this forum as Defendants are West Virginia limited liability companies; Defendants own and operate businesses in West Virginia; and this case arises from breaches of a contract related to assets and services provided to Defendants in West Virginia.

8. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the cause of action accrued in this venue.

**Factual Allegations**

9. HMA and Mingo Health are parties to a Purchase Agreement dated as of April 10, 2018, pursuant to which, among other things, Mingo Health acquired from HMA all of the membership interests in Williamson Memorial Hospital, LLC which were previously held by HMA (the "Purchase Agreement"). Williamson Memorial Hospital, LLC owns and operates Williamson Memorial Hospital and related facilities in Williamson, West Virginia. Defendants have a copy of the Purchase Agreement.

10. In connection with the Purchase Agreement, HMA and Mingo Health entered into

a Side Letter dated June 1, 2018, in which Mingo Health agreed to purchase "surgical implants and related supplies and inventory" located at Williamson Memorial Hospital and related facilities for $200,000 to be paid in six monthly installments (the "Side Letter"). Defendants have a copy of this Side Letter.

11. Mingo Health made no payments for the "surgical implants and related supplies and inventory" pursuant to the Side Letter and, as such, owes HMA $200,000, plus interest as detailed in the Side Letter and attorneys' fees as detailed in the Purchase Agreement.

12. Also in connection with the Purchase Agreement, on June 1, 2018, Williamson Memorial and CHSPSC entered into an Information Technology Transition Services Agreement (the "IT TSA"). The term of the IT TSA was twelve months. Williamson Memorial has a copy of the IT TSA.

13. Under the terms of the IT TSA, CHSPSC agreed to provide Williamson Memorial with certain defined "Information Services" to assist in the orderly transition of the management and operation of Williamson Memorial Hospital. (IT TSA at Recitals and § 1.1).

14. In exchange, Williamson Memorial agreed to pay CHSPSC information service fees and expenses. The IT TSA required Williamson Memorial to remit payment in full of all amounts not disputed in good faith to CHSPSC no later than thirty days after receipt of CHSPSC's monthly invoice for such fees. (IT TSA § 3.1). Williamson Memorial also agreed to pay certain other expenses and taxes. (IT TSA §§ 3.2, 3.3).

15. Williamson Memorial has breached its payment obligations under the IT TSA. Williamson Memorial has not paid CHSPSC at least $617,070.63 owed under the terms of the IT TSA for services provided by CHSPSC through May 31, 2019.

16. The IT TSA provides that the prevailing party in a judicial proceeding brought to

enforce or interpret any provision of the IT TSA is entitled to recover all legal expenses incurred, including reasonable attorneys' fees and costs. (IT TSA § 9.4 (§ 0.1)).

17. Also in connection with the Purchase Agreement, on June 1, 2018, Williamson Memorial and PPS entered into a Billing and Collection Agreement (the "Collection Agreement"). Williamson Memorial has a copy of the Collection Agreement.

18. Pursuant to the Collection Agreement, PPS agreed to collect certain accounts receivable on behalf of Williamson Memorial through the billing, tracking, rebilling, follow-up and collection activities relating to such accounts on certain terms and conditions. (Collection Agreement § 2).

19. In exchange, Williamson Memorial agreed to pay PPS service fees of 2.75% of the accounts receivable collected by PPS during each month, along with fees associated with certain information technology assistance. (Collection Agreement § 3.2).

20. Williamson Memorial has breached its payment obligations under the Collection Agreement. Williamson Memorial has not paid PPS at least $2,288 owed under the terms of the Collection Agreement for services provided by PPS through May 31, 2019.

21. The Collection Agreement provides that the prevailing party in a judicial proceeding brought to enforce or interpret any provision of the Collection Agreement is entitled to recover all legal expenses incurred, including reasonable attorneys' fees and costs. (Collection Agreement § 12).

## Causes of Action

### Count 1: HMA's Claim against Mingo Health for Breach of the Side Letter

22. HMA alleges and incorporates by reference the allegations set forth above.

23. The Side Letter is a binding and enforceable contract between HMA and Mingo

Health.

24. Mingo Health breached the Side Letter by failing to pay HMA all amounts owed under the terms of the Side Letter for "surgical implants and related supplies and inventory."

25. HMA has suffered damages as a direct and proximate result of Mingo Health's breaches.

26. HMA is entitled to recover interest and its reasonable attorneys' fees and costs under the terms of the Purchase Agreement.

**Count 2: CHSPSC's Claim against Williamson Memorial for Breach of the IT TSA**

27. CHSPSC alleges and incorporates by reference the allegations set forth above.

28. The IT TSA is a binding and enforceable contract between CHSPSC and Williamson Memorial.

29. Williamson Memorial breached the IT TSA by failing to pay CHSPSC all amounts owed under the terms of the IT TSA.

30. CHSPSC has suffered damages as a direct and proximate result of Williamson Memorial's breaches.

31. CHSPSC is entitled to recover its reasonable attorneys' fees and costs under the terms of the IT TSA.

**Count 3: PPS's Claim against Williamson Memorial for Breach of the Collection Agreement**

32. PPS alleges and incorporates by reference the allegations set forth above.

33. The Collection Agreement is a binding and enforceable contract between PPS and Williamson Memorial.

34. Williamson Memorial breached the Collection Agreement by failing to pay PPS all amounts owed under the terms of the Collection Agreement.

35. PPS has suffered damages as a direct and proximate result of Williamson Memorial's breaches.

36. PPS is entitled to recover its reasonable attorneys' fees and costs under the terms of the Collection Agreement.

**WHEREFORE**, Plaintiffs demand the following relief:

1. That the Court enter judgment against Defendants and in Plaintiffs' favor;
2. That the Court award Plaintiffs damages in an amount to be established at trial;
3. That the Court award Plaintiffs the attorneys' fees and costs they incur in this action; and
4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Hospital Management Associates, LLC, CHSPSC, LLC, and Physician Practice Support, LLC

/s/ Thomas J. Hurney, Jr.
Thomas J. Hurney, Jr. (WV Bar No. 1833)
JACKSON KELLY PLLC
500 Lee Street, East; Suite 1600 (25301)
P. O. Box 553
Charleston, West Virginia 25322
(304) 340-1000